

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

**MEMORANDUM OPINION**

No. 04-08-00870-CV

**IN THE INTEREST OF A.A.R.** and A.A.R.

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-02309
Honorable Larry Noll, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:    April 22, 2009

AFFIRMED

This is an appeal from the trial court's order terminating appellant's parental rights to his two young daughters. We affirm.

### DISCUSSION

In the underlying case, the mother ("Ariscela") of appellant's two children filed a petition to terminate appellant's parental rights. In his first issue, appellant asserts the petition did not specifically ask for an involuntary termination of his parental rights; therefore, the termination order

---

[1] The Honorable Janet Littlejohn is the presiding judge of the 150th Judicial District Court, Bexar County, Texas. The Honorable Larry Noll, presiding judge of the 408th Judicial District Court, Bexar County, Texas, signed the order of termination at issue in the appeal.

is void. The petition, entitled Original Petition to Terminate Parent-Child Relationship, states as follows:

> 8. *Termination Sought*
>
> . . .
>
> As grounds, Petitioner alleges that before this case is heard the alleged father will have knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less that two years from the date this petition is filed. [Emphasis added.]

These grounds track the language of Texas Family Code section 161.001, which provides for various grounds under which a parent's parental rights may be involuntarily terminated. "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Appellant filed an answer in which he denied any allegation on which Ariscela sought termination and he asserted any such grounds were insufficient. Neither in his motion for new trial nor on appeal does appellant contend the petition failed to give him fair notice that Ariscela sought to have his parental rights involuntarily terminated. We conclude the petition gave appellant fair notice and his complaint on appeal is overruled.

Appellant next relies on a November 14, 2002 order appointing him as a joint managing conservator for his argument that Ariscela is estopped from presenting the circumstances of his incarceration because his incarceration does not constitute changed circumstances under Texas Family Code section 161.004. Section 161.004 provides that a "court may terminate the parent-child relationship *after rendition of an order that previously denied termination of the parent-child relationship* if: (1) the petition under this section is filed after the date *the order denying termination*

was rendered; (2) the circumstances of the child [or] parent . . . have materially and substantially changed since the date that the order was rendered; (3) the parent committed an act listed under Section 161.001 before the date the *order denying termination* was rendered; and (4) termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.004(a) (Vernon 2008) (emphasis added). Appellant's reliance on the November 14, 2002 order appointing him as a joint managing conservator is misplaced because that order did not deny termination of his parental rights. Therefore, Family Code section 161.004 does not apply.

Finally, appellant contends there is no evidence that termination of his parental rights was in the best interest of his children. In *Holley v. Adams*, the Texas Supreme Court set forth several factors a court may consider when determining whether involuntary termination of the parent-child relationship is in a child's best, including: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) the present and future emotional and physical danger to the child; (4) "the parental abilities of the individuals seeking custody"; (5) the programs available to those seeking custody to help "promote the best interest of the child"; (6) the plans those seeking custody have for the child; (7) "the stability of the home or proposed placement"; (8) "the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one" and (9) any excuse for the parent's acts or omissions. 544 S.W.2d 367, 371-72 (Tex. 1976). These considerations are not exhaustive, nor must all such considerations be proved as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "The absence of evidence about some of these considerations would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest, particularly if the evidence were undisputed that the parental relationship endangered the safety of the child." *Id.*

Appellant testified telephonically that he had taken a one-day class called "Great Dads" and another class called "New Life Behavior." However, he admitted he has never taken an anger management class, and he has been denied parole each time he came up for review. The record also establishes "a pattern of conduct that is inimical to the very idea of child-rearing." *See id.*, 89 S.W.3d at 28. Appellant admits his community supervision was revoked in late 2002 for violation of a protective order, assault, and burglary of Ariscela's residence, and he was sentenced in January 2003 to ten years' confinement. The record establishes that appellant burglarized the home and raped Ariscela while his children were in the house. At the time of the burglary and rape, appellant had been secretly living inside the house for almost two days and he was already subject to a no-contact order for having previously assaulted Ariscela. Ariscela testified appellant's habit was to violate court orders and she was concerned for the safety of her two daughters.

"While parental rights are of constitutional magnitude, they are not absolute. Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right." *Id.* at 26. On this record, we conclude the factfinder could reasonably form a firm conviction or belief that termination of appellant's parental rights was in the children's best interest.

**CONCLUSION**

We overrule appellant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice